UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------------X
Rita Sharaby,

                    Plaintiff,

        -against-

ARS Account Resolution Services

                   Defendant.
-------------------------------------------------------X

Civil Action No.:_____

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

       Plaintiff Rita Sharaby ("Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, as and for her Complaint against Defendant ARS Account Resolution Services ("Defendant"), respectfully sets forth, complains and alleges the following:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action seeking damages and declaratory relief arising from Defendant's violation(s) of §1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

## PARTIES

2.    Plaintiff is natural person and is a resident of the State of Florida, County of Broward, residing at 2912 N 36th Ave, Hollywood, Forida 33021. At all relevant times herein, Plaintiff maintained her residence at this address.

3.    Upon information and belief, Defendant is a collection agency with its principal place of business at 1801 NW 66th Avenue, Plantation, Florida 33313, County of Broward. Upon further information and belief, Defendant is authorized to conduct business in the State of Florida..

1

4.  At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5.  Upon information and belief and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA. Indeed, upon information and belief, on a website maintained by the Defendant at the URL address of www.arspayment.com, Defendant informs visitors to the site, "ARS Account Resolution Services is a third-party agency that specializes in collections related to medical accounts." Thus, Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the requirements of the FDCPA.

6.  Upon information and belief, Defendant was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(5) of the FDCPA. Upon further information and belief, at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## JURISDICTION AND VENUE

7.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

8.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. Plaintiff allegedly incurred a debt to Inphynet South Broward Inc., account numbers 1185369 and 196671 ("Alleged Debt"). Upon information and belief, the nature of the underlying debt allegedly owed by the Plaintiff is the type of debt the FDCPA was designed to regulate.

11. On a date better know to the Defendant, Defendant commenced collection activities against Plaintiff to recover the Alleged Debt.

12. In or around March 2012, Plaintiff sent a dispute letter via certified mail to Defendant, requesting validation of the Alleged Debt. The letter asked for the complete payment history, the agreement bearing Plaintiff's signature wherein she agreed to pay the original creditor, the letter of sale or assignment from the original creditor to Defendant, proof that the statute of limitations had not expired, and proof that Defendant is licensed to collect in Florida. (See letter, attached hereto and incorporated herein by reference as "Exhibit A".)

13. Upon information and belief, Defendant represents on its website that it regularly updates information to the three major Credit Bureaus on a monthly basis.

14. However, upon further information and belief, for a period of at least eleven months, Defendant failed to update Plaintiff's credit report as disputed to reflect the accurate status of the debt.

15. Defendant left its wrongful and incomplete information on the credit report despite its knowledge of Plaintiff's dispute. This significantly harmed Plaintiff and her credit reputation.

16.     The foregoing action by Defendant violated 15 U.S.C. §1692e(8), which requires that a disputed account be communicated as disputed.

17.     The foregoing action by Defendant violated 15 U.S.C. §1692f which prohibits the use of unfair or unconscionable means in attempt to collect a debt.

18.     As a result of Defendant's deceptive, misleading, and/or unfair debt collection practices, Plaintiff has been damaged.

19.     As a direct consequence of Defendant's acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## FIRST CAUSE OF ACTION
### (Violation of 15 U.S.C. §1692e(8))

20.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21.     Defendant's conduct violated 15 U.S.C.§1692e(8) in that Defendant failed to communicate to the Credit Bureaus that the Alleged Debt was disputed.

22.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION
### (Violation of 15 U.S.C. §1692f)

23. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24. Defendant's conduct violated 15 U.S.C. §1692f in that the Defendant used unfair and unconscionable means in attempt to collect a debt when it failed to communicate to the Credit Bureaus for nearly a full year that the Alleged Debt was disputed.

25. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

26. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rita Sharaby demands judgment from Defendant ARS Accounts Resolution Services, as follows:

    A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

    B. For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

    C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

    D. For a declaration that the Defendant's practices violated the FDCPA; and,

E.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
       February 21, 2013

                                    Respectfully submitted,

                                    By: s/Jerald Alan Belofsky
                                        Jerald Alan Belofsky, Esq. (249262)
                                        Fredrick Schulman & Associates
                                        Attorneys at Law
                                        Attorney for Plaintiff
                                        30 East 29TH Street
                                        New York, New York 10016
                                        P. (212) 796-6053
                                        F. (212) 951-7379
                                        info@fschulmanlaw.com